UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61376-LEIBOWITZ/AUGUSTIN-BIRCH

**CAESAR BACARELLA,**

    Plaintiff,

v.

**PRIME HYDRATION, LLC,**

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO COMPEL DISCOVERY**

This cause comes before the Court on Defendant Prime Hydration, LLC's Motion to Compel Discovery. DE 62. Plaintiff Caesar Bacarella filed a Response to the Motion to Compel, and Defendant filed a Reply. DE 65; DE 72. The Court held a hearing on the Motion to Compel on June 4, 2025, via Zoom Video Teleconference. The Court has carefully considered the briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. The Motion to Compel [DE 62] is **GRANTED IN PART AND DENIED IN PART** as follows.

During the hearing, the parties informed the Court that they had conferred and that Plaintiff agreed to amend certain discovery responses. Among the responses Plaintiff agreed to amend are his answers to Interrogatory #'s 8, 9, and 10. Plaintiff must serve his amended discovery responses **within three business days of the date of this Order**. Plaintiff must identify responsive documents by Bates number.

Defendant contends that, for many discovery responses, Plaintiff gave a combined response for himself and various companies, rendering the responses indecipherable. Defendant's briefing

did not identify the response numbers at issue, and Defendant pointed to only a single example during the hearing. At this juncture, any relief on the issue of combined responses is denied. If, upon receiving Plaintiff's amended discovery responses, Defendant maintains that responses remain deficient, Defendant may bring the matter to the Court again by following the Order Setting Discovery Procedures. *See* DE 25. Any discovery motion must identify each response number at issue and explain why the response is deficient.

Defendant moves to compel Plaintiff to produce unredacted copies of his 2021 and 2022 individual tax returns. Defendant explained during the hearing that it seeks to ascertain whether Plaintiff declares values for the trademarks at issue in this litigation on his tax returns. Defendant further explained that, upon being asked during his deposition whether he declares values for the trademarks on his tax returns, Plaintiff did not know. Information concerning whether and what value Plaintiff assigns to the trademarks, including on his tax returns, is relevant, proportional to the needs of this case, and responsive to requests such as Request for Production # 43. *See* Fed. R. Civ. P. 26(b)(1) (defining the scope of discovery); DE 70-1 at 46 (requesting "[d]ocuments sufficient to show the valuation of each of the Asserted Marks"). As Defendant was unable to obtain information about the tax returns from Plaintiff himself, Defendant's request regarding the tax returns is granted. Plaintiff must produce to Defendant his wholly unredacted 2021 and 2022 individual tax returns **within three business days of the date of this Order**.

Defendant moves to compel Plaintiff to produce unredacted copies of his customer lists. During the hearing, however, Defendant stated that it would be satisfied if Plaintiff produces any analysis or analytics that he has about the demographics of his customers. Plaintiff has alleged that the parties target the same customers. *See* DE 1 ¶¶ 40, 42. Information concerning the demographics of Plaintiff's customers is relevant, proportional to the needs of this case, and responsive to requests such as Request for Production #'s 24 and 25. DE 70-1 at 25, 27 (requesting

documents "that refer or relate to Consumers"). Plaintiff must produce to Defendant any documents containing customer demographic analysis or analytics **within three business days of the date of this Order**. Defendant's request for unredacted copies of the customer lists themselves is denied.

The parties raise a dispute concerning Request for Production # 36, which asks for documents concerning licenses. *Id.* at 39 (requesting documents "in which You have licensed or offered to license any of the Asserted Marks for use by any other party"). Plaintiff has represented to Defendant and to the Court that no responsive documents exist, as no written licenses exist. Plaintiff has indicated, however, that verbal licenses exist, and Defendant seeks information concerning those verbal licenses. **Within three business days of the date of this Order**, Defendant may serve on Plaintiff a single interrogatory that is limited to the issue of verbal licenses.[1] Plaintiff must respond to that interrogatory **within three business days of its service on him**.

Finally, Defendant questions whether Plaintiff has fully produced all responsive information and material, specifically evidence of offers and counteroffers to purchase the companies at issue, an appraisal report, other financial material, and information concerning consumer confusion that is responsive to Interrogatory # 10. The Court reminds both parties that, unless subject to an existing objection, they must produce responsive material within their possession, custody, or control and provide responsive information available to them or under their control. *See* Fed. R. Civ. P. 34(a)(1); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon

---

[1] If Defendant has already exhausted its allotment of interrogatories under Federal Rule of Civil Procedure 33(a)(1), the Court grants Defendant one additional interrogatory that is limited to the issue of verbal licenses.

demand."); *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011) (explaining that "a party must provide information in response to a Rule 33 interrogatory if such information is under its control"); *Ecometry Corp. v. Profit Ctr. Software, Inc.*, No. 06-80083-Civ, 2007 WL 9706934, at *6 (S.D. Fla. Mar. 15, 2007) ("Parties responding to interrogatories cannot limit their answers to information within their own knowledge and ignore information that is immediately available to him or under his control."). Southern District of Florida Local Rule 26.1(e)(7) requires a party responding to requests for production to serve a notice of completion of production when all responsive material has been produced. The parties must supplement or correct their discovery responses if they learn that prior responses were incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). Withholding responsive information and material may result in sanctions. Fed. R. Civ. P. 37(b)(2), (c)(1).

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 6th day of June, 2025.

                                PANAYOTTA AUGUSTIN-BIRCH
                                UNITED STATES MAGISTRATE JUDGE